Revised 03/06 WDNY

1st Amended Complaint

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A. Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. James Dean Kendrick #1930/055
2. 

-VS-

**B. Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Maria Denise Troche (Melendez)
2. Jeffrey Lafave
3. Jason Vaughn
4. Randy Benjamin
5. Matthew Schwartz
6. Sandra Doorley

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: James Dean Kendrick #1930/055

Present Place of Confinement & Address: USP Allenwood, U.S. Penitentiary, P.O. Box 3000, White Deer, PA 17887

Name and Prisoner Number of Plaintiff: 

Present Place of Confinement & Address:

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Maria Denise Troche (Melendez)

(If applicable) Official Position of Defendant: N/A

(If applicable) Defendant is Sued in ✓ Individual and/or ____ Official Capacity

Address of Defendant: 510 Augustine St., Rochester, New York 14613

Name of Defendant: Jeffrey Lafave

(If applicable) Official Position of Defendant: Officer

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: 150 S. Plymouth Ave.; or 85 Exchange Blvd.; Public Safety Building, Rochester, N.Y. 14614 (or 99 Exchange Blvd.)

Name of Defendant: Jason Vaughn

(If applicable) Official Position of Defendant: Officer

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: 150 S. Plymouth Ave.; 85 Exchange Blvd., Public Safety Building, Rochester, N.Y. 14614 (or 99 Exchange Blvd.)

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): ____

   Defendant(s): ____

2. Court (if federal court, name the district; if state court, name the county): ____

3. Docket or Index Number: ____

4. Name of Judge to whom case was assigned: ____

DEFENDANT'S INFORMATION

Name Of Defendant: Randy Benjamin

(If Applicable) Official Position Of Defendant: Investigator

(If Applicable) Defendant Is Sued In (✓) Individual Capacity And/Or
(✓) Official Capacity

Address of Defendant: 150 S. Plymouth Ave.; or 85 Exchange Blvd., Public Safety Building, Rochester, N.Y. 14614 (or 99 Exchange Blvd.)

DEFENDANT'S INFORMATION

Name Of Defendant: Matthew Schwartz

(If Applicable) Official Position Of Defendant: Assistant D.A.

(If Applicable) Defendant Is Sued In (✓) Individual Capacity And/Or
(✓) Official Capacity

Address Of Defendant: 47 South Fitzhugh St., Rochester, N.Y. 14614

DEFENDANT'S INFORMATION

Name Of Defendant: Sandra Doorley

(If Applicable) Official Position of Defendant: District Attorney

(If Applicable) Defendant Is Sued In (✓) Individual Capacity And/Or
(✓) Official Capacity

Address Of Defendant: 47 South Fitzhugh St., Rochester, N.Y. 14614

5. The approximate date the action was filed:____________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved.____________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

B. Have you begun **any other** lawsuits in **federal court** which **relate to your imprisonment**?

Yes____ No_✓_

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s):____________________

____________________

Defendant(s):____________________

____________________

2. District Court:____________________

3. Docket Number:____________________

4. Name of District or Magistrate Judge to whom case was assigned:____________________

____________________

5. The approximate date the action was filed:____________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved.____________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include all possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) January 14, 2010 and through January 20, 2010,

defendant (give the **name and position held** of **each defendant** involved in this incident) Maria Denise Troche (Melendez); Officer Jeffrey Lafave; Officer Jason Vaughn; Investigator Randy Benjamin

did the following to me (briefly state what each defendant named above did): Off. Jeffrey Lafave; Off. Jason Vaughn; and Inv. Randy Benjamin together with Maria Denise Troche all joined in an agreement to act in concert with eachother, and with others known and unknown, to manufacture false evidence, in the form of a dying declaration, to be used against me in criminal proceedings, for the purpose depriving me of my liberty and in furtherance of the conspiracy.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Due Process, Fifth (5th) Amendment, Fourteenth (14th) Amendment.

The relief I am seeking for this claim is (briefly state the relief sought): Compensatory and punitive damages, Monetary payment for the time spent in jail, and for duress and mental anguish, pain and suffering.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ______ Yes ✓ No If yes, what was the result? ______

Did you appeal that decision? ______ Yes ✓ No If yes, what was the result? ______

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: There was no available State remedy. After being detained, without bail, Note: This section has been continued on another sheet of paper.

**A. SECOND CLAIM:** On (date of the incident) January 14, 2010,

defendant (give the **name and position held** of **each defendant** involved in this incident) Officer Jeffrey Lafave; Officer Jason Vaughn

A. FIRST CLAIM

Continued: While the case was in the investigative stages, and while acting in an investigative capacity Off. Jeffrey Lafave and Off. Jason Vaughn did manufacture false evidence, in the form of a dying declaration, for the purpose of furthering said agreement. In furtherance of said agreement, Maria Denise Troche did provide information to the officers, and gave a signed statement to Inv. Randy Benjamin to be used to establish motive for the Jose Troche homicide for the purpose of bolstering the manufactured dying declaration. Also in furtherance of the conspiracy, Officer Jason Vaughn and Maria Denise Troche did testify giving false testimony at a preliminary hearing; to secure my continued detention. In furtherance of said conspiracy Inv. Randy Benjamin, did witness and sign the statement made by Maria Denise Troche; and together with Off. Lafave and Off. Vaughn, did forward the manufactured dying declaration and statement of Maria Denise Troche to the Monroe County District Attorney. Said false evidence was then used against me.

Administrative Remedy continued: for seven years in the Monroe County Jail, the case was finally presented to a grand jury, which ultimately voted not to indict, on or about Dec. 20, 2016 (No-Bill).

did the following to me (briefly state what each defendant named above did): while acting in an investigative capacity, and while the case was in the investigative stages, the defendants Lafave and Vaughn did manufacture false evidence against me in the form of a dying declaration, to be used against me in criminal proceedings. Both defendants Jeffrey Lafave and Jason Vaughn fabricated a dying declaration claiming that the victim, Jose Troche, identified me as the person that shot him.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Due Process, Fifth Amendment, Fourteenth Amendment, false arrest, 4th Amend. Unlawful Seizure.

The relief I am seeking for this claim is (briefly state the relief sought): Compensatory and Punitive damages, Monetary payment for the time spent in jail, and for duress and mental anguish, pain and suffering.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ______ Yes ✓ No If yes, what was the result? ______

Did you appeal that decision? ______ Yes ✓ No If yes, what was the result? ______

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: There was no available State remedy. After being detained, without bail,

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

## 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

I want Compensatory and punitive damages, monetary payment for the time spent in jail, and for duress and mental anguish.

Do you want a jury trial? Yes ✓ No____

A. Third CLAIM

: On or about January 14, 2010 and continuing through December 20 to December 22, 2016.

Defendant(s): Officer Jeffrey Lafave; Officer Jason Vaughn; Investigator Randy Benjamin; A.D.A. Matthew Schwartz; and D.A. Sandra Doorley

Did the following to me:

While acting in an investigative capacity, and while the case was in the investigative stages, Off. Jeffrey Lafave and Off. Jason Vaugh did fabricate a dying declaration, claiming that the victim, Jose Troche, identified me as the person that shot him. Said false dying declaration would likely have influenced a jury's verdict. Off. Jeffrey Lafave, Off. Jason Vaughn, and Inv. Randy Benjamin, while working together, did forward said fabricated evidence (dying declaration) to the Monroe County District Attorney for use against me in criminal proceedings. Said false dying declaration was used by the District Attorneys Office at a preliminary hearing to establish probable cause and secure my detention in the Monroe County Jail, thereby depriving me of my liberty.

Note: This page is continued on another page.

A. Third CLAIM

Continued: While acting in an investigative capacity the defendant(s) A.D.A. Matthew Schwartz did serve a subpoena, to obtain surveillance videos, which he did obtain, and which prove that I did not shoot the victim. Also, while working in an investigative capacity, A.D.A. Matthew Schwartz did obtain evidence, known to me now, which is exculpatory and strongly discredits the false dying declaration. A.D.A. Matthew Schwartz and D.A. Sandra Doorley did withold all of these exculpatory pieces of evidence from the Defense for seven years, while I was detained on said charge. The D.A.'s office became aware of the exculpatory evidence in or about January of 2010. The D.A. Sandra Doorley and A.D.A. Matthew Schwartz aware of the exculpatory evidence, refused to drop the charges, request the Court to release me from custody, or to present the case to a grand jury, for seven years, for a possible indictment, or No-Bill.

The Constitutional basis for this Claim is under 42 U.S.C. § 1983: Due Process, Fifth Amendment, Fourteenth Amendment, Fair Trial, Sixth Amendment (Speedy Trial), Malicious Prosecution.

The relief I am seeking for this claim is: Compensatory and punitive damages, Monetary payment for the time spent in jail, and for duress and mental anguish, pain and suffering.

A. Third Claim :
Continued :

Did you grieve or appeal this claim? No

Did you appeal that decision? No

If you did not exhaust your administrative remedies, state why you did not do so:
No available State Remedies. After bein detained without bail for seven years, the charge was finally presented to a grand jury, which ultimately voted not to indict (No-Bill).

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on April 16, 2019
(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

James Dean Kendrick
James Dean Kendrick #19301055

Signature(s) of Plaintiff(s)