UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES DEAN KENDRICK,

    Plaintiff,

v.

MARIA DENISE TROCHE, JEFFREY
LAFAVE, JASON VAUGHN, RENADY
BENJAMIN, MATTHEW SCHWARTZ,
SANDRA DOORLEY, AND THE
ROCHESTER POLICE DEPARTMENT,

    Defendants.

18-CV-6932 CJS

DECISION AND ORDER

---

Plaintiff James Dean Kendrick is a federal prisoner presently housed at the United States Penitentiary, Allenwood, however the events about which he complains took place while he was being detained by the State of New York.[1] Kendrick has filed a pro se Amended Complaint under 42 U.S.C. § 1983 alleging claims against Maria Denise Troche; Officers Jeffrey LaFave and Jason Vaughn; Investigator Randy Benjamin; Assistant District Attorneys Matthew Schwartz and Sandra Doorley. (Docket ("Dkt.") No. 5.) He previously submitted an application to proceed in forma pauperis which was granted by the Court. (Dkt. No. 4.)

---

[1] Kendrick does not state where he was being detained, but presumably it was in a state facility since the Defendants sued are state actors.

## DISCUSSION

Because Kendrick is proceeding as a pauper, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen the Amended Complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a Complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the Court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1)-(2). Generally, the Court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Abbas, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

I.     Factual Allegations

Kendrick states that from January 14, 2010 through January 20, 2010, Troche, LaFave, Vaughn and Benjamin "joined in an agreement to act in concert with each other and with others known and unknown, to manufacture false evidence in the form of a dying declaration to be used against [Kendrick] in criminal proceedings [and] for the purpose [of] depriving [him] of [his] liberty." (Dkt. No. 5 at 6.) In furtherance of this conspiracy, "while the case was in the investigative stages," LaFave and Vaughn "manufacture[d]

false evidence in the form of a dying declaration." (*Id.* at 7.) "In furtherance of said agreement, [Troche] did provide information to the officers, and gave a signed statement to [Benjamin] to be used to establish [a] motive for the Jose Troche homicide for the purpose of bolstering the manufactured dying declaration." (*Id.*) "Also in furtherance of the conspiracy," Vaughn and Troche gave false testimony at Kendrick's preliminary hearing to "secure his continued detention," Benjamin witnessed and signed Troche's statement and "together with" LaFave and Vaughn forwarded the manufactured dying declaration and Troche's statement to the Monroe County District Attorney which used the evidence against Kendrick. (*Id.*)

LaFave and Vaughn manufactured a "dying declaration claiming that the victim, Jose Troche, identified [Kendrick] as the person who shot him." (*Id.* at 9.)

Despite obtaining a surveillance video "which proved" that Kendrick did not shoot Jose Troche, from January 14, 2010 through December 22, 2016, Schwartz and Doorley refused to drop the murder charge against Kendrick, refused to ask the Court to release him from custody, and refused to "present the case to a grand jury for possible indictment." (*Id.* at 12.)

Liberally construed, the allegations in Kendrick's complaint assert the following claims: (1) violation of his Fourth Amendment right to be free from illegal searches and seizures against Defendants Troche,[2] LaFave, Vaughn and Benjamin, (2) conspiracy by

---

2  Defendant Troche is a private person, not a state actor. To state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment, "the behavior complained of must be considered an action of the government, and not that of a private actor." *Henderson v. Center for Community Alternatives*, 911 F. Supp. 689, 707 (S.D.N.Y. 1996) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Myron v. Consolidated Rail Corp.*, 752 F.2d 50, 54 (2d Cir. 1985). "The language 'under color of' law found in § 1983 is treated as the same thing as the 'state action' required under the Constitution." *Id.* (Internal quotations

3

Troche, LaFave, Vaughn and Benjamin under 42 U.S.C. §§ 1983, 1985 to deprive Kendrick of his civil rights; (3) deprivation of the right to a fair trial against LaFave and Vaughn; and (4) malicious prosecution against Schwartz and Doorley

## II. Standard of Review

In evaluating the Amended Complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

---

omitted). *United States v. Price*, 383 U.S. 787, 794 n. 7 (1966). To the extent Troche's actions cannot be "fairly attributable to the State," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), Kendrick's claims against her for violation of his constitutional rights must be dismissed.

4

### III. Analysis

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

#### A. Conspiracy

Kendrick alleges that Troche, LaFave, Vaughn and Benjamin conspired to manufacture false evidence in the form of a dying declaration to establish a motive for the Jose Troche murder and to ensure that Kendrick was detained.

As the Court previously explained, Kendrick cannot maintain a claim for conspiracy under 42 U.S.C. § 1985 because, as with the original Complaint, there are no allegations in the Amended Complaint to suggest that the conspiracy entered into between the Officers and Troche was motivated by some racial or other "class-based invidious discriminatory animus." *Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 381 (E.D.N.Y. 2013) (explaining that "[a] plaintiff must . . . allege that the conspiracy was motivated by "some racial or perhaps otherwise class–based, invidious discriminatory animus.")

Kendrick's allegations also fail to state a claim for conspiracy under § 1983. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more

5

state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F3d 65, 72 (2d Cir. 1999); *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). A private entity acts under color of state law for purposes of § 1983 when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *Hogan v. A.O. Fox Memorial Hosp.*, 346 F. App'x. 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

"It is well settled that claims of conspiracy 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993)). The failure to allege any fact corroborating a meeting of the minds among the alleged conspirators renders a conspiracy claim baseless. *Id.*

It is also well settled that a private entity's "provision of background information to a police officer does not by itself make [that entity] a joint participant in state action under Section 1983." *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (To qualify as a state actor, a private citizen must be a willful participant in joint

activity with the State or its agents) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)); *see also Adebiyi v. City of New York*, 13-CV-0480, 2014 WL 4922888, at *4 (E.D.N.Y. Sept. 30, 2014) ("Case law in this Circuit is well-established that the provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for purposes of § 1983." ); *Vazquez v. Combs*, 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) (Lynch, J.) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation"). Likewise, "[a] private party supplying information or seeking police assistance does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party." *Adebiyi*, 2014 WL 4922888, at *4 (quoting *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012)).

Moreover, even where a private citizen has done more than simply call police and provide sworn information, a claim of state action may be sustained only if the plaintiff alleges facts showing concerted action, even at the pleading stage. *See e.g. Bacquie v. City of New York*, No. 99CIV.10951(JSM), 2000 WL 1051904, at *2 (S.D.N.Y. July 31, 2000). The plaintiff must set forth allegations to demonstrate a "plan, prearrangement, conspiracy, custom or policy." *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (citation omitted); *see also Valez*, 2008 WL 5329974, at *1, *3 (S.D.N.Y. Dec, 16, 2008) (holding that plaintiff failed to state a § 1983 claim based on allegations that the defendants gave the police false information "out of malice and in an

effort to get [the plaintiff] ejected from the home he was renting" where plaintiff failed to "allege facts suggesting that defendants and the police had any meeting of the minds or intent to conspire"); *Manbeck v. Micka*, 640 F.Supp.2d 351, 379 (S.D.N.Y. 2009) (requiring a "meeting of the minds between law enforcement and private individual to support a finding of state action"); *Tornheim v. Eason*, 175 F. App'x 427, 429 (2d Cir. 2006) (where private actors provided law enforcement with a false affidavit, "it cannot be said that there had been a meeting of the minds between the private and state actors such that they had been 'jointly engaged' in a plan to deprive [the plaintiff] of any rights"); *Moreno v. Town of Greenburgh*, No. 13 Civ. 7101(VB), 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (concerning § 1983 claims, "[a] private actor who provides information to police officers or prosecutors does not act under color of state law. [. . .] This is so even if the information provided is deliberately false."); *Stewart*, 851 F. Supp. 2d at 446 (dismissing § 1983 claim where only actions were attributable to private actor and "[m]erely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor"); *Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (dismissing claims because "providing false information to the police does not make a private individual . . . a state actor and liable under § 1983"). Moreover, "[c]ommunications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005).

In the Amended Complaint, Kendrick offers no explanation of how Troche planned or prearranged with the state defendants to provide false information. *See Stewart*, 851

F. Supp. 2d at 445 (explaining that, "[c]omplaints alleging nothing more than vague and general allegations of conspiracy are properly dismissed. While places and dates of meetings need not be pled with particularity, pleadings must set forth a plausible theory of agreement and concerted action." (internal citations omitted)); *Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.")

Moreover, even if Kendrick intended to allege that only the three state actors, LaFave, Vaughn and Benjamin, conspired together, the Amended Complaint contains only "conclusory, vague, or general allegations." *Gallop*, 642 F.3d at 369. There are no allegations from which the Court can discern that the state actors had a "meeting of the minds such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (citation omitted). Kendrick has not alleged, except in the most conclusory fashion, that a meeting of the minds occurred among the three state actor Defendants. His conspiracy claim against Troche, LaFave, Vaughn and Benjamin must therefore fail. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" is proper). This claim will be dismissed without leave to amend. *See Anthony v. Brockway*, No. 15-CV-451, 2015 WL 5773402, at *3 (N.D.N.Y. Sept. 30, 2015) ("[The] [p]laintiff has already been given one opportunity to amend his complaint . . ., and there is nothing in his second amended complaint suggesting that [he] could do better given another opportunity."); *Al-Qadaffi v. Servs. for the Underserved (SUS)*, No. 13-CV-8193, 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying leave to amend where "[the plaintiff] has already had

one chance to amend his [c]omplaint, and there is still no indication that a valid claim might be stated if given a second chance"), *aff'd*, 632 F. App'x. 31 (2d Cir. 2016); *Bui v. Indus. Enters. of Am., Inc.*, 594 F. Supp. 2d 364, 373 (S.D.N.Y. 2009) (dismissing an amended complaint with prejudice where the plaintiff failed to cure the deficiencies identified in his initial complaint despite "being given ample opportunity to do so").

## B. Deprivation of the Right to Fair Trial

The Court has already screened Kendrick's claim for deprivation of his right to a fair trial based on the fabrication of evidence and determined that he alleged sufficient facts for that claim to be served on Defendants LaFave and Vaughn. The Court need not rescreen this claim.

## C. Malicious Prosecution

Kendrick states that while he was working in an investigative capacity Schwartz obtained a surveillance video that proved he did not shoot Troche. He also states that Schwartz obtained other evidence that was exculpatory and discredited the false dying declaration and that Schwartz and Doorley withheld this exculpatory evidence from the defense for seven years. Although they became aware of the exculpatory evidence in January, 2010, Schwartz and Doorley refused to drop the charges, request that he be released from custody or present Kendrick's case to the Grand Jury for seven years.

As the Court previously explained, "it is well settled that prosecutors are entitled to absolute immunity against Section 1983 claims, for actions performed in the course of their prosecutorial duties, including but not limited to the presentation of evidence to grand juries and participation in criminal trials." *Brown v. Ontario County*, 787 F.Supp.2d 273, 277 (W.D.N.Y.2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28, (1976) and *Barrett*

*v. United States*, 798 F.2d 565, 571–72 (2d Cir.1986)); *see also Imbler*, 424 U.S. at 430-31 (holding that prosecutors are absolutely immune from suits for damages arising from actions which are "intimately associated with the judicial phase of the criminal process.") Whether a prosecutor has absolute immunity "depends principally on the nature of the function performed, not on the office itself." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir.1993). Such functions include the decision to bring charges against a defendant, *see id.*, presenting evidence to a grand jury, *see Barret v. United States*, 789 F.2d 565, 571-72 (2d Cir.1986), and the evaluation of evidence prior to trial, *see Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). *See also Lawlor v. Connelly*, 471 F. App'x. 64, 65 (2d Cir. 2012) (stating that "[t]his Court has repeatedly held . . . that a prosecutor is absolutely immune from liability under 42 U.S.C. § 1983 for his conduct before a grand jury" and that "this Court has specifically held that a prosecutor is immune from § 1983 liability for withholding exculpatory evidence from a grand jury") (citations omitted); *Warney v. Monroe County*, 587 F.3d 113, 125 (2d Cir. 2009) ("if the prosecutors had tested all the evidence, and then sat on the exculpatory results for at least 72 days, they may well have violated *Brady v. Maryland*, 373 U.S. 83, 83 (1963); but they would be absolutely immune from personal liability").

Second, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, (1991) (quoting *Imbler*, 424 U.S. at 430 ). The conduct for which a prosecutor is absolutely immune includes "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial

or before a grand jury after a decision to seek an indictment has been made." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In addition, this absolute immunity "bars suit for malicious prosecution, even in the complete absence of even arguable probable cause." *Armatas v. Maroulleti*, No. 08–CV–310 (SJF)(RER), 2010 WL 4340437, at *12 (E.D.N.Y. Oct. 19, 2010) (citing *Bernard v. County of Suffolk*, 356 F.3d 495, 502–05 (2d Cir. 2004)); *see also Conte v. County of Nassau*, No. 06–CV–4746, 2010 WL 3924677, *16 (E.D.N.Y. Sept. 30, 2010) ("Assuming arguendo that there was no probable cause to continue the prosecution . . ., the County defendants are protected by absolute immunity with respect to the decision to continue the ongoing prosecution.").

The Supreme Court has made clear, however, "that absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (citing *Imbler*, 424 U.S. at 431 n. 33). A prosecutor who engages in such activities is protected instead only by qualified, good-faith immunity. *Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 296 (E.D.N.Y. 2010) (citing *Van de Kamp*, 555 U.S. at 342).

Kendrick's Amended Complaint clearly faults Schwartz and Doorley for their behavior as prosecutors—evaluating the evidence, deciding which evidence to present to the Grand Jury, and continuing the prosecution. To the extent Kendrick is attempting to shoe-horn his claim into the investigative task category by suggesting that Schwartz should not be absolutely immune from suit because he secured the video surveillance and other exculpatory evidence, he fails. Securing evidence to present at trial is a routine

prosecutorial function, but even if these were investigative functions, they did not violate any of Kendrick's constitutional rights.

At bottom, Kendrick's claim rests upon the decision of Schwartz and Doorley to prosecute him for a crime, that is a quintessentially prosecutorial task for which they are immune from suit. *See Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1194 (10th Cir. 2008) ("Deciding whether to bring charges—which necessarily includes an evaluation of whether there has been sufficient investigation to support charges—is a quintessential prosecutorial function protected by absolute immunity") (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, (1993)). This claim will be dismissed without leave to amend. *See Anthony*, 2015 WL 5773402, at *3; *Al-Qadaffi*, 2015 WL 585801, at *8; *Bui*, 594 F. Supp. 2d at 373.

### D. False Arrest

The Court has already screened Kendrick's claim for false arrest based on the fabricated evidence and determined that he alleged sufficient facts for that claim to be served on Defendants LaFave and Vaughn.[3] The Court need not rescreen this claim.

### CONCLUSION

For the reasons set forth above, Kendrick's claims for conspiracy and malicious prosecution will be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). Troche, Benjamin, Schwartz and Doorley shall be terminated from this action. Kendrick's claims

---

[3] The allegations in Kendrick's Amended Complaint make clear that Benjamin was not involved in manufacturing the dying declaration which Kendrick's alleges was used to "depriv[e] [him] of his liberty." Dkt 5 at 6-7.

for deprivation of a fair trial and false arrest against LaFave and Vaughn shall proceed to service.

## ORDER

In light of the above,

IT HEREBY IS ORDERED that the Clerk of Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint and this Order upon Defendants LaFave and Vaughn without Kendrick's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Kendrick's favor;

FURTHER, the Clerk of Court is directed to forward a copy of this Order by email to Ted O'Brien Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>;

FURTHER, that the Clerk of Court utilize the mailing address for non-inmate mail provided by the New York State Department of Corrections and Community Supervision's website, http://www.doccs.ny.gov/faclist.html., as needed;

FURTHER, Defendants LaFave and Vaughn are directed to respond to the Amended Complaint pursuant to 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

Dated:   August 28, 2019
         Rochester, New York

                                          _____
                                          CHARLES J. SIRAGUSA
                                          UNITED STATES DISTRICT JUDGE